**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| C.R.M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-1434 (RDA/TCB) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter comes before the Court on Plaintiff C.R.M.'s Motion to Seal and Modify the Docket Sheet. (Dkt. 27.) Plaintiff requests that the Court seal portions of the record, including: (i) redact her name, signature, and other personal identifiers from certain filings; and (ii) modify the docket sheet by substituting her initials for her name in the caption.

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of Plaintiff's filings, the Court makes the following findings.

First, Plaintiff has provided public notice of its request to seal and interested parties have been given a reasonable opportunity to object. Plaintiff filed her motion to seal and public notice on January 18, 2021. (*See* Dkts. 27, 28.) Because over seven days have elapsed since Plaintiff

filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Plaintiff has satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Plaintiff merely seeks to redact her personal information from court filings. This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Finally, the Court finds reason to seal the Plaintiff's personal identifying information. The Court has previously ordered that Plaintiff's name and those of her three deceased minor children be replaced with her initials in this case. (*See* Dkt. 3.) Further, the redactions of such personal identifying information will not deprive the public of the essential issues and facts of this case.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to seal (Dkt. 27) is **GRANTED**. Plaintiff's name shall be sealed and her initials shall be used instead in this matter; and it is further

**ORDERED** that docket entries 2, 4, 5, 5-1, 6, 8, 9, 20, and 21 shall be **SEALED** and Plaintiff is granted leave to re-file the redacted versions; and it is further

**ORDERED** that the Clerk shall **MODIFY** the docket sheet to remove Plaintiff's name from the caption and docket entries 1 and 2 replace Plaintiff's name with her initials.

ENTERED this 26th day of January, 2021.

                                                                  /s/
                                      THERESA CARROLL BUCHANAN
                                      UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia